UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>DEBORAH L. BOARDMAN<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7810<br>Fax: (410) 962-2577<br>MDD_DLBChambers@mdd.uscourts.gov |

September 21, 2020

LETTER TO COUNSEL

    RE:   *Charlene J. v. Saul*
            Civil No. DLB-19-2188

Dear Counsel:

On July 25, 2019, plaintiff Charlene J. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 12 ("Pl.'s Mot."), 15 ("Def.'s Mot."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed her claim for benefits on May 9, 2013, alleging a disability onset date of February 1, 2005. Administrative Transcript ("Tr.") 159. Her claim was denied initially and on reconsideration. Tr. 109-13, 116-17. Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), Tr. 36-77, the ALJ issued an unfavorable decision, Tr. 19-31, the Appeals Council denied plaintiff's request for review, Tr. 1-4, plaintiff filed a complaint in this Court, Tr. 1324, and the case was remanded by consent, Tr. 1337. A new hearing was held on November 8, 2018, Tr. 1276-98, where plaintiff amended her alleged onset date to December 31, 2009, which is also her date last insured, Tr. 1259. Therefore, to be awarded disability insurance benefits, plaintiff had to show that she was disabled on or before December 31, 2009. Tr. 1259-60. Following the hearing, the ALJ again determined that plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 1256-75. The Appeals Council denied plaintiff's request for review, Tr. 1250-55, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that plaintiff suffered from the severe impairments of "obesity, obstructive sleep apnea, diabetes, degenerative joint disease, arthritis of the shoulder, degenerative disc disease and asthma." Tr. 1261. Despite these impairments, the ALJ determined that she retained the residual functional capacity ("RFC") to:

*Charlene J. v. Saul*
Civil No. DLB-19-2188
September 21, 2020
Page 2

> perform sedentary work as defined in 20 CFR 404.1567(a) except: the claimant could bend, stoop and crouch occasionally. The claimant was limited to occasional reaching with the non-dominant upper extremity, but she could not reach overhead with the non-dominant upper extremity. The claimant had full use of her dominant upper extremity. The claimant could not be exposed to excessive dust, smoke of [sic] fumes. The claimant could not climb ladders or scaffolding. The claimant was limited to routine, repetitive tasks.

Tr. 1265. After considering the testimony of a vocational expert ("VE"), the ALJ determined that plaintiff could not perform her past relevant work as an assistant manager at a convenience store or a retail sales clerk, but that she could perform other jobs existing in significant numbers in the national economy. Tr. 1268-70. Therefore, the ALJ concluded that plaintiff was not disabled. Tr. 1270.

Plaintiff makes two primary arguments on appeal: (1) that the ALJ's RFC assessment was not supported by substantial evidence; and (2) that the ALJ improperly assessed her subjective complaints. Pl.'s Mot. 4-16. Neither argument has merit for the reasons below.

<u>The ALJ's RFC assessment was supported by substantial evidence.</u>

Plaintiff challenges the ALJ's RFC determination on the bases that the ALJ (1) failed to properly perform a function-by-function assessment of plaintiff's abilities; (2) failed to provide a proper narrative discussion connecting the evidence to the ALJ's findings; (3) failed to adequately address plaintiff's migraine headaches; (4) failed to consider whether plaintiff could sustain an eight-hour workday; and (5) failed to evaluate the combined effect of plaintiff's impairments. Pl.'s Mot. 4-14. These arguments are not persuasive.

First, plaintiff's arguments that the ALJ's function-by-function assessment and narrative discussion were inadequate do not hold water. "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *3. The ALJ is required to include a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p). Here, the ALJ's RFC assessment included discussions of the relevant evidence, including plaintiff's testimony and subjective allegations, medical treatment notes, and medical opinion evidence, and the ALJ explained how the evidence supported the conclusions. *See* Tr. 1265-70. The ALJ's RFC discussion provides substantial evidence for the conclusion that Plaintiff could perform a range of sedentary work with postural and environmental limitations.

Plaintiff specifically argues that the ALJ "failed to make any findings regarding the plaintiff's abilities to lift, carry, sit, stand, or walk." Pl.'s Mot. 7. The ALJ expressly limited

*Charlene J. v. Saul*
Civil No. DLB-19-2188
September 21, 2020
Page 3

plaintiff to "sedentary work."  By doing so, he determined the extent of the physical activities that plaintiff was capable of performing.  According to the regulations, sedentary work:

> involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a), 416.967(a).

> "Occasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday.  Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles.

SSR 83-10, 1983 WL 31251, at *5 (S.S.A.).  These definitions sufficiently address the amount of sitting, standing, walking, and lifting that the ALJ determined plaintiff was capable of performing.  The ALJ is not required to include further limitations if the claimant is able to perform the amount of sitting, standing, walking, and lifting associated with sedentary work.  *See Harper v. Comm'r, Soc. Sec. Admin.*, Civil Case No. GLR-13-909, 2014 WL 176777, at *4 (D. Md. Jan. 14, 2014) ("[B]y limiting [plaintiff] to sedentary work, the ALJ made an implied finding regarding those abilities.").  As discussed above, the ALJ adequately assessed the evidence of record, and the RFC assessment, including the finding that plaintiff could perform a range of sedentary work with postural and environmental limitations, is supported by substantial evidence.

Plaintiff next challenges the ALJ's consideration of her migraine headaches.  Pl.'s Mot. 9-12.  She implies that the ALJ should have found her migraines to be a severe impairment at step two and argues that the ALJ erred in the RFC assessment by failing to consider the frequency and duration of her migraine headaches.  Plaintiff argues that "there is no evidence that the degree of absenteeism necessitated by the frequency of the Plaintiff's migraine headaches would be tolerated by employers in the national economy."  *Id.* at 12 (pointing out that the VE testified that there would be no work for an individual who was off task ten percent of the workday or would miss two days of work per month).

Plaintiff cites to record evidence of her migraines to support her claim that the ALJ erred. *See* Pl.'s Mot. 9-10 (citing Tr. 692, 694, 698, 703-04, 706, 714, 734, 744, 759-62, 796, 810, 846, 860, 882, 886, 899, 909, 980, 970).  However, these records were either discussed by the ALJ or post-date her date last insured.[1]  The ALJ acknowledged plaintiff's migraine headaches and noted

---

[1] Plaintiff cites to a July 2008 treatment notation that plaintiff requested a referral to a neurologist because of migraine headaches, Tr. 980 (follow up appointment for diabetes), but the referral in the record is dated

that she alleged having migraines "2-3 weeks out of the month," but found that "the treatment records through December 31, 2009 did not document migraine headaches with [the alleged] frequency." Tr. 1262. The ALJ also noted that treatment records from 2008 "showed that the migraines had improved with the use of Topamax" and that treatment records from 2009 "documented only conservative treatment for migraines without the frequency the claimant reported." *Id.* Therefore, the ALJ found that plaintiff's migraines were a nonsevere impairment during the relevant time frame. *Id.* In the RFC discussion, the ALJ again noted that plaintiff testified to having frequent migraine headaches and pointed to his step-two discussion. Tr. 1266. Although the ALJ could have more clearly explained why plaintiff's migraines did not interfere with her ability to perform full-time work during the relevant time frame, the ALJ's step-two discussion adequately explained that plaintiff's migraine headaches were adequately controlled on medication and did not occur with the alleged frequency during the relevant time period. Therefore, the ALJ's finding was supported by substantial evidence. Plaintiff does not cite evidence that the ALJ's discussion of her headaches was faulty. Nor does she cite evidence that supports her contention that she would have been off task or absent two or more days per month during the relevant time period.[2] Plaintiff essentially asks the Court to reweigh the evidence, which it is not allowed to do.

Next, plaintiff briefly argues that the ALJ failed to evaluate her ability to perform work-related functions throughout an eight-hour workday. Pl.'s Mot. 12. An ALJ's RFC assessment reflects the claimant's capacity for work activity on a "regular and continuing basis." 20 C.F.R. § 404.1545; *see also* SSR 96-8p, 1996 WL 374184, at *1. Therefore, the ALJ's conclusion that plaintiff could perform sedentary work "implicitly contained a finding that [she] physically is able to work an eight hour day." *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006); *see also Gibson v. Colvin*, Civil No. TMD-14-467, 2015 WL 5315765, at *8 (D. Md. Sept. 2, 2015) ("[T]he ALJ found that Plaintiff had the RFC to perform sedentary work . . ., thus finding that Plaintiff could perform work on a regular and continuing basis, or eight hours a day for five days."). Plaintiff does not cite evidence that supports her implied contention that she was not able to work an eight-hour workday.

Lastly, plaintiff challenges the ALJ's evaluation of her impairments in combination. Pl.'s Mot. 12-14. Plaintiff states that her "impairments in combination had a significant impact upon [her] abilities to perform work related activities," *id.* at 14, but she does not name any alleged impacts or limitations due to her combination of impairments. Nor does she argue which impairments caused those impacts. Moreover, the ALJ explained that the record evidence of "musculoskeletal pain, fluctuating blood sugar levels, occasional asthma flares, sleep apnea that improved with CPAP treatment when she used it, and obesity [] *combined to warrant the limitations* incorporated in the [RFC]." Tr. 1268 (emphasis added).

---

February 2011, Tr. 759-62. The other records cited by plaintiff that pre-date her DLI include "migraine headache" on a list of chronic problems, Tr. 882, 899, 909, or note that plaintiff reported headaches, Tr. 846, 909. They do not discuss migraine headaches or mention their duration or frequency.

[2] The ALJ explicitly found that plaintiff had "no limitation" in her ability to sustain concentration, persistence, or pace. *See* Tr. 1263.

*Charlene J. v. Saul*
Civil No. DLB-19-2188
September 21, 2020
Page 5

### The ALJ's assessment of plaintiff's subjective complaints was supported by substantial evidence.

Second, plaintiff challenges the ALJ's assessment of her subjective complaints and argues that the assessment is not supported by substantial evidence. Pl.'s Mot. 14-16. Plaintiff cites to the following paragraph of the ALJ's decision to support her assertion that the ALJ failed to cite to the evidence on which he relied in making his determination:

> [Plaintiff's] statements regarding her busy schedule, her non-compliance with medications, her report of feeling fine, her failure to lose weight and her ongoing smoking behavior were not consistent with her complaints of "disabling" musculoskeletal and joint pain and/or with her complaint of fatigue and neuropathic pain due to diabetes. The test results and the findings from examinations were not consistent with the degree of physical pain in her feet, shoulder and/or back the claimant reported. The objective findings from examinations and the conservative treatment the claimant required did not support the "disabling" functional limitations the claimant alleged. The claimant reported some financial difficulty in obtaining medications and CPAP therapy, but she continues to buy cigarettes and at the previous hearing, she reported that her family received $3400.00 per month, which should have allowed for some money for co-pays for medications. Therefore, after careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record through the date last insured.

Tr. 1268. Plaintiff's argument ignores the remainder of the ALJ's decision wherein the ALJ discussed plaintiff's treatment records, test results, and medical findings. Tr. 1266-68. An ALJ is not required to repeat himself. The ALJ appropriately summarized and considered plaintiff's subjective statements, as well as the objective results from her medical examinations, to assess her condition.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, and given the evidence outlined above, I find that the ALJ's RFC assessment and evaluation of plaintiff's subjective complaints were supported by substantial evidence and that the ALJ applied the correct legal standards.

*Charlene J. v. Saul*
Civil No. DLB-19-2188
September 21, 2020
Page 6

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF No. 12, is DENIED, and defendant's motion for summary judgment, ECF No. 15, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

                Sincerely yours,

                /s/

                Deborah L. Boardman
                United States Magistrate Judge